*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re VASQUEZ, Minors.

UNPUBLISHED
November 17, 2022

No. 360827
Wayne Circuit Court
Family Division
LC No. 2019-000631-NA

In re RILEY, Minors.

No. 360852
Wayne Circuit Court
Family Division
LC No. 2019-000631-NA

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

In these consolidated appeals, respondent-mother appeals as of right the trial court's orders terminating her parental rights to her minor children pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j). In Docket No. 360827, the trial court terminated respondent's parental rights to AV, CV, LV, and WV (the "Vasquez children"). In Docket No. 360852, the trial court terminated her parental rights to KR and TR (the "Riley children"). Because there are no errors warranting relief in either appeal, we affirm.

## I. FACTS

The Vasquez children were removed from respondent's care in April 2019, and the trial court acquired jurisdiction over the children after respondent pleaded no contest to allegations that she failed to consistently provide stable housing or proper supervision for the children, that she disciplined the children with a belt that left visible injuries on the faces of WV and LV, that WV required staples for a head wound after a caretaker hit her over the head with a pan and had other visible marks on her body where the caretaker hit her with a wire, and that respondent told the children to lie to hospital workers about how they received their injuries.

The trial court acquired jurisdiction over the Riley children in January 2020, after respondent entered a plea of admission to allegations that she was unable to provide a suitable home for them upon their discharge from the hospital, where they had received treatment for their injuries, and that she had not been consistently compliant with court-ordered services in the case involving the Vasquez children.

In October 2021, petitioner filed a supplemental petition to terminate respondent's parental rights to all of her children. Following hearings in in January and February 2022, the trial court found that there were statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j), and that termination of respondent's parental rights was in the children's best interests. This appeal followed.

## II. GROUNDS FOR TERMINATION

Respondent first argues that the trial court erred by finding that the statutory grounds for termination were established by clear and convincing evidence. We disagree.

To terminate parental rights, the trial court must find that at least one statutory ground under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). This Court reviews the trial court's findings under the clearly erroneous standard. MCR 3.977(K). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been committed. *In re Miller,* 433 Mich 331, 337; 445 NW2d 161 (1989).

The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j), which permit termination of parental rights under the following circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> * * *

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

For the purposes of MCL 712A.19b(3)(c)(*i*), one of the key conditions that led to the adjudication was respondent's failure to provide stable and suitable housing for the children. During the case, petitioner provided referrals to Family Reunification Programs in Detroit and Plymouth, sources for MDHHS housing, Section 8 housing, rent-to-own housing, and listings with Zillow, Housing Network, and Habitat for Humanity. This condition continued to exist throughout the case and, at the time of termination, respondent was not any closer to establishing safe and suitable housing, and had no concrete plans for doing so.

The trial court did not explicitly state what "other conditions" existed to support termination under MCL 712A.19b(3)(c)(*ii*). However, the trial court discussed respondent's lack of visitation and failure to regularly attend the Riley children's medical and Early On appointments. The parties and the trial court expressed concern throughout the case regarding respondent's failure to consistently and regularly visit with her children and to attend the Riley children's medical and physical-therapy appointments. Respondent was instructed several times that she needed to rectify this situation. The workers and the trial court repeatedly expressed to respondent that if she were to succeed in caring for the Riley children, she needed to participate more fully in their care and medical appointments. Respondent's inconsistent visitation with the Vasquez children also caused their bond with respondent to significantly deteriorate. As the case progressed, the children were no longer interested in seeing or visiting with respondent.

Respondent emphasizes her participation in other services and argues that she was close to rectifying the conditions that led to the children's removal. However, after almost three years, respondent made little to no progress in rectifying the main barrier to reunification, which was to obtain and maintain safe and suitable housing. In addition, respondent's failure to consistently visit with her children and actively participate in their medical appointments undermines her claim that she was committed to reunification. The trial court did not clearly err by finding that respondent's failure to rectify her housing situation and failure to consistently visit her children and attend their appointments supported termination under MCL 712A.19b(3)(c)(*i*) and (c)(*ii*). Further, because respondent was unable to provide safe and suitable housing for her children, and she failed to demonstrate that she was committed to addressing the Riley children's special needs, the trial court did not clearly err by finding that the children were reasonably likely to be harmed if returned to respondent's care, thereby supporting termination under MCL 712A.19b(3)(j).

III. BEST INTERESTS

Respondent next argues that the trial court erred by finding that termination of her parental rights was in the children's best interests. We disagree.

"The trial court must order the parent's rights terminated if [DHHS] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "We review for clear error the trial court's determination regarding the children's best interests." *Id*. "To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). "The trial court may also consider a parent's

history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

The evidence clearly established that respondent was unable to provide a safe and stable home for the children, and would not be able to do so in the foreseeable future in light of her uncertain employment situation. The children had been in care for three years and needed permanence and stability. The foster parents were meeting all of the children's needs and expressed a willingness to adopt them. Because of respondent's failure to maintain consistent contact with the children and participate in the Riley children's medical care, her bond with the children had significantly deteriorated, to the point that they were no longer interested in visiting with respondent. Moreover, the Riley children had significant medical needs, and respondent's failure to consistently attend their appointments showed that she was not prepared to provide them with the level of care they needed. For these reasons, the trial court did not clearly err by finding that termination of respondent's parental rights was in the children's best interests.

## IV. CONCLUSION

The trial court did not clearly err by finding that the statutory grounds for termination were proven by clear and convincing evidence or that termination of respondent's parental rights was in the children's best interests. We affirm.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

-4-